# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | | |
|---|---|---|
| STEVE SIMONDS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 3:23-CV-22-CDL-MSH |
| | : | |
| DEPARTMENT OF HUMAN SERVICES, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER AND RECOMMENDATION

Pending before the Court are Defendants Georgia Department of Human Services[1] and Kennosha Guilliard's motions to dismiss (ECF Nos. 21, 27) Plaintiff Steve Simonds's complaint (ECF No. 1). Also pending are what the Court construes as a motion for preliminary injunctive relief, in which Simonds seeks to be reunited with his granddaughter (ECF No. 20), and motions in which Simonds seeks to consent to the magistrate judge entering final judgment in this action and to consolidate this action with other actions filed by Simonds (ECF No. 34).

For the following reasons, the Court recommends that the motions to dismiss be granted and Simonds's motion for preliminary injunctive relief be denied. Having previously ordered Simonds to show cause as to why this action should not be dismissed

---

[1] The Georgia Department of Family and Children Services is a division of the Georgia Department of Human Services. Br. in Supp. Mot. to Dismiss 1 n.1, ECF No. 21-1. Accordingly, the Court refers to the Department of Human Services instead of the Department of Family and Children Services.

as to Defendants Copeland and Fleming for his failure to serve them, the Court also recommends that Defendants Copeland and Fleming be dismissed. Simonds's motions seeking to consent to the magistrate judge entering final judgment and to consolidate this action are denied.

## BACKGROUND

Simonds's claims arise from Defendants' alleged violations of his constitutional rights by placing Simonds's granddaughter with an allegedly abusive foster parent, interfering with Simonds's relationship with his granddaughter by not permitting Simonds to communicate with her, and various Defendants' alleged failure to file reports as to alleged sexual abuse of his granddaughter. Compl. 3-7, 9-12, ECF No. 1. Simonds claims these events occurred in March 2017. *Id.* at 9-10. According to Simonds, because of these alleged violations of his constitutional rights, he developed an incurable type of cancer which required surgery in December 2019, bad memories, and nightmares. *Id.* at 12.

The Court received Simonds's complaint on February 21, 2023 (ECF No. 1). The Court denied Simonds's motion for leave to proceed *in forma pauperis* (ECF Nos. 4, 2), and advised him that it was his responsibility to have the summons and complaint served (ECF No. 9). Summonses were issued on March 31, 2023 (ECF No. 10).

On July 17, 2023, Defendant Georgia Department of Human Services ("DHS") filed a motion to dismiss (ECF No. 21), to which Simonds filed a response (ECF No. 29), after which Defendant DHS filed a reply (ECF No. 36). On July 24, 2023, Defendant Guilliard filed a motion to dismiss (ECF No. 27), to which Simonds filed a response (ECF No. 33). Both motions to dismiss are ripe for review.

**DISCUSSION**

Defendants DHS and Guilliard move to dismiss, arguing, *inter alia*, Simonds failed to properly serve either Defendant, and Simonds's claims are barred by the statute of limitations. DHS Br. in Supp. of Mot. to Dismiss 5-6, 8-9, ECF No. 21-1; Guilliard Br. in Supp. of Mot. to Dismiss 6-9, ECF No. 27-1. DHS also argues that any state claims asserted by Simonds should be dismissed. DHS Br. in Supp. of Mot. to Dismiss 11-15. Because the Court recommends granting the motions to dismiss on those grounds and agrees that any state claims should be dismissed, the Court does not address Defendants' other grounds for dismissal.

1. <u>Failure to Serve</u>

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). Federal Rule of Civil Procedure 4(m) requires that, if "a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If a plaintiff shows good cause, the Court "must extend the time for service for an appropriate period." *Id.* "Good cause exists 'only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (alteration in original). "Only after considering whether any . . . factors exist" that warrant an extension of time to serve based on the facts of the case may a

3

"district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time." *Id.* at 1282.

The Court received Simonds's complaint on February 21, 2023 (ECF No. 1). After he paid the filing fee, and after the Court advised Simonds that he was responsible for serving the summonses and complaint, summonses were issued on March 31, 2023. Clerk's Entry, Mar. 10, 2023; ECF Nos. 9, 10. Assuming that the issuance of the summonses on March 31, 2023 commenced the ninety-day service period—rather than the date on which the Court received the complaint—Simonds had until June 29, 2023 to effect service.

Both DHS and Guilliard assert that Simonds has yet to serve them. DHS Br. in Supp. of Mot. to Dismiss 5-6; Guilliard Br. in Supp. of Mot. to Dismiss 6-8. In his response to DHS's motion to dismiss, Simonds asserts that "the Rules state service is not a reason to dismiss[.]" Pl.'s Resp. to DHS Mot. to Dismiss 9, ECF No. 29. In his response to Guilliard's motion to dismiss, Simonds questions how it is that Guilliard has not been served, yet Guilliard knows the contents of the complaint. Pl.'s Resp. to Guilliard Mot. to Dismiss 3, ECF No. 33. The Court finds and recommends that Simonds has not effected service upon DHS and Guilliard.

Before recommending dismissal of the action against DHS and Guilliard, however, in accordance with the requirements of *Lepone-Dempsey*, the Court has considered "whether any other circumstances warrant an extension of time based on the facts" of this case. 476 F.3d at 1282. In particular, and as discussed, *infra*, the statute of limitations clearly appears to have run prior to Simonds mailing his complaint to the Court. Thus,

4

even if the Court granted Simonds an extension of time to serve DHS and Guilliard, those Defendants would, again, be able to successfully assert a defense based upon the running of the statute of limitations, like they do here. Further, as discussed, *infra*, the Court ordered Simonds to show cause as to why this action should not be dismissed against Defendants Copeland and Fleming, and as of the date of this Order and Recommendation, he has failed to respond in any manner to the Court's order. As a result, having considered those factors and the factors suggested in *Lepone-Dempsey*, the Court recommends that DHS and Guilliard's motions to dismiss be granted for Simonds's failure to serve them.

The Court ordered Simonds to show cause as to why this action should not be dismissed as to Defendants Copeland and Fleming (ECF No. 37). As of the date of this Order and Recommendation, Simonds has failed to respond in any manner to the Court's order. For the same reasons, and having considered the same factors, *supra*, the Court recommends that Defendants Copeland and Fleming be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure for Simonds's failure to serve them.

2. Statute of Limitations

Section 1983 does not include a statute of limitations; rather, state law governs the statute of limitations period. *Williams v. City of Atlanta*, 794 F.2d 624, 625-26 (11th Cir. 1986) (discussing *Wilson v. Garcia*, 471 U.S. 261 (1985)). The statute of limitations for personal injury claims in Georgia is two years, which is the same for all § 1983 claims. *Id.* at 626 (citing O.C.G.A. § 9-3-33). "A statute of limitations begins to run when the cause of action accrues. The question of when the limitations period begins to run, however, is one of federal law." *Uboh v. Reno*, 141 F.3d 1000, 1002 (11th Cir. 1998) (internal citations

5

omitted) *abrogated on other grounds by Nieves v. Bartlett*, 139 S. Ct. 1715, 1726 (2019). The "statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003) (per curiam) (quoting *Rozar v. Mullis*, 85 F.3d 556, 561-62 (11th Cir. 1996)).

Simonds alleges that the date the events giving rise to his claims occurred in March 2017. Compl. 9. Thus, Simonds had until March 2019 to file his complaint. However, the Court did not receive Simonds's complaint until February 21, 2023, nearly four years after the running of the statute of limitations.

In his response to the motions to dismiss, Simonds asserts that various statutes permit the filing of his complaint beyond the two-year period allowed for § 1983 claims in Georgia. In response to DHS's motion to dismiss, Simonds relies on Georgia criminal statutes relating to crimes against children, and he asserts there exist federal statutes likewise relating to child victims of sexual abuse. Pl.'s Resp. to DHS Mot. to Dismiss, Attach. 2. Similarly, in his response to Defendant Guilliard's motion to dismiss, Simonds relies, in relevant part, on the federal child victims' and child witnesses' rights statute, the "No Time Limit for Justice Act," and federal statutes criminalizing the sexual exploitation of children and the selling or buying of children. Pl.'s Resp. to Guilliard Mot. to Dismiss, Attachs. 2 to 5.

As to the Georgia criminal statutes, those statutes set forth statutory crimes and the time limits in which they may be prosecuted. As to the "No Time Limit for Justice Act," it does not appear that the Act has passed Congress, and even if it had, it does not apply to

6

this matter. The Act, as shown in Simonds's supporting document, merely would incentivize states to eliminate the statute of limitations for criminal prosecution and civil suits involving child sexual abuse. Pl.'s Resp. to Guilliard Mot. to Dismiss, Attach 3. The Act would have no effect on claims in Georgia made pursuant to § 1983. Finally, the federal criminal statutes cited by Simonds likewise have no application to the statute of limitations in his claims made pursuant to § 1983.

As such, Simonds's claims are barred unless he can show that the statute of limitations was tolled. Simonds does not address the statute of limitations in his complaint, nor does he assert that tolling of the statute of limitations is warranted. The Court now considers whether tolling may be warranted under statute or by equitable principles.

"Tolling of the limitations period in a § 1983 action is generally determined by reference to state law." *Thompson v. Corr. Corp. of Am.*, 485 F. App'x 345, 347 (11th Cir. 2012) (per curiam) (citing *Wallace v. Kato*, 549 U.S. 384, 394 (2007)). "Georgia statutory law authorizes the tolling of statutory limitations periods in certain specified circumstances[.]" *Zamudio v. Haskins*, 775 F. App'x 614, 616 (11th Cir. 2019) (per curiam) (citing O.C.G.A. §§ 9-3-90 to 9-3-99). None of those "certain specified circumstances" are "involved in this case." *Id.* As such, Simonds is not entitled to statutory tolling under Georgia law.

A party seeking to toll the limitations period under the federal doctrine of equitable tolling must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 971 (11th Cir. 2016) (en banc). "The plaintiff

bears the burden of demonstrating that equitable tolling is warranted." *Zamudio*, 775 F. App'x at 615 (citing *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993)). The Supreme Court of the United States "has made clear that tolling is an extraordinary remedy which should be extended only sparingly." *Justice*, 6 F.3d at 1479 (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). Simonds has failed to address either prong of the equitable tolling doctrine. As such, Simonds is not entitled to equitable tolling. Accordingly, the Court recommends, in the alternative, that DHS and Guilliard's motions to dismiss be granted based on the running of the statute of limitations.

    3. Motion for Preliminary Injunctive Relief

Simonds has filed what the Court construes as a motion for preliminary injunctive relief, seeking to be reunited with his granddaughter (ECF No. 20).

A preliminary injunction is a drastic remedy used primarily to preserve the status quo. *See, e.g.*, *Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982). Factors a movant must show to be entitled to a preliminary injunction include (1) a substantial likelihood of ultimate success on the merits; (2) the relief is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) the preliminary injunction would serve the public interest. *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995) (per curiam).

Simonds does not clearly address these factors in his complaint, and at this juncture the facts have not been sufficiently developed to conclude that there is a substantial likelihood that Simonds will ultimately prevail on the merits. Indeed, it appears that the

relief Plaintiff seeks in his motion, in part, is in the nature of a writ of mandamus ordering state officials to take action by permitting Simonds to resume having contact with his granddaughter. This Court does not have the authority to grant such relief. *See Moye v. Clerk, DeKalb Cnty. Superior Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973) (per curiam) (holding that federal courts lack the power to issue writs compelling action by state officials in the performance of their duties).[2] Furthermore, as discussed, *supra*, Defendants have not been served or had a meaningful opportunity to respond to Simonds's allegations. Fed. R. Civ. P. 65(a)(1). Should the district court reject this Court's recommendation and deny the motions to dismiss, Defendants should be afforded an opportunity to respond to Simonds's allegations, and any claims for injunctive relief can be addressed as this case proceeds. Accordingly, the Court recommends that Simonds's motion seeking to be reunited with his granddaughter be denied.

4. State Claims

To the extent that Simonds asserts any state claims, because the Court recommends that Simonds's federal claim be dismissed, it is also recommended that the Court decline to exercise its supplemental jurisdiction over Simonds's state law claims and dismiss them without prejudice.

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

**ORDER**

Simonds seeks to consent to the magistrate judge entering final judgment and to consolidate this action with other actions filed by him (ECF No. 34). For the following reasons, Simonds's motions are denied.

As to Simonds's motion seeking to consent to the magistrate judge entering final judgment, the consent of all parties is required for such consent to be effective. 28 U.S.C. § 636(c)(1); *see also* M.D. Ga. L.R. 73(b) ("Under 28 U.S.C. § 636(c), and with the consent of all parties, magistrate judges are specifically authorized and empowered to conduct any and all proceedings in a jury or non-jury civil matter and to order the entry of judgment therein.") (emphasis added). As of the date of this Order, Simonds has not effected service on Defendants in this matter and DHS and Guilliard have filed motions to dismiss based, in part, on a failure to serve, which motions to dismiss the Court recommends be granted. As a result, all parties have not—and cannot—consent under § 636(c). Accordingly, the Court **DENIES** Simonds's motion seeking to consent to the magistrate judge entering final judgment (ECF No. 34).

As to Simonds's motion seeking to consolidate this action with other actions filed by him, the Court finds that consolidation of this action under Rule 42(a) of the Federal Rules of Civil Procedure is inappropriate for the following reasons.

First, while there are some similarities between the claims in this action and two of the other actions filed by Simonds,[3] the Court has recommended that that this action be dismissed. Second, as to the only other action filed by Simonds, that action asserts claims that Defendants committed "the act of transgendering [sic]" his granddaughter. Compl. 4, ECF No. 1 in *Simonds v. State of Georgia*, No. 3:23-cv-59-CDL-MSH (M.D. Ga. May 30, 2023). Further, in that action, the Court denied Simonds's motion to consolidate. ECF No. 14 in *Simonds v. State of Georgia*, No. 3:23-cv-59-CDL-MSH (M.D. Ga. Sept. 7, 2023).

As a result, while Rule 42(a) of the Federal Rules of Civil Procedure authorizes the Court to consolidate actions that "involve a common question of law or fact," the Court finds that consolidation of Simonds's cases would not conserve judicial resources and would stymie, rather than permit, more efficient resolution of Simonds's claims. Accordingly, the Court **DENIES** Simonds's motion seeking to consolidate this action with other actions filed by him (ECF No. 34).

\* \* \* \* \*

In summary, the Court recommends that Defendants DHS and Guilliard's motions to dismiss (ECF Nos. 21, 27) be granted. The Court also recommends that Defendants Copeland and Fleming be dismissed and that Simonds's motion seeking to be reunited with his granddaughter, construed as a motion for preliminary injunction (ECF No. 20), be

---

[3] *See, e.g.*, Am. Compl. 4-9, ECF No. 4 in *Simonds v. Univ. of Ga. Law Sch.*, No. 3:23-cv-07-CAR-MSH (M.D. Ga. May 8, 2023); Compl. 3-4, 6-8, ECF No. 1 in *Simonds ex rel. D.R. v. Dep't of Fam. & Child. Servs.*, No. 3:23-cv-29-CAR-MSH (M.D. Ga. Mar. 13, 2023).

denied.  The Court denies Simonds's motions to consent to the magistrate judge entering judgment and to consolidate this action (ECF No. 34).  To the extent that any state claims are asserted, Simonds's state claims should be dismissed.

## CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that Defendants Department of Human Services and Guilliard's motions to dismiss (ECF Nos. 21, 27) be **GRANTED**, that Defendants Copeland and Fleming be **DISMISSED**, that Simonds's motion seeking to be reunited with his granddaughter, construed as a motion for preliminary injunction (ECF No. 20), be **DENIED**, and to the extent that Simonds asserts any state claims, that such state claims be **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within **FOURTEEN (14) DAYS** after being served with a copy hereof.  Any objection should be no longer than **TWENTY (20) PAGES** in length.  The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made.  All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection,

however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO ORDERED and RECOMMENDED,** this 22nd day of September, 2023.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE